**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WALLACE C. DENNIS,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>EATONTOWN BOROUGH *et al.*,<br><br>　　　　　　Defendants. | Civil Action No. 19-22241 (GC) (TJB)<br><br>**MEMORANDUM OPINION** |

**CASTNER, District Judge**

This matter comes before the Court on Defendants Eatontown Borough, Anthony Talerico, Jr., William P. Lucia, III, and Arthur Ehrumantraut (collectively, "Defendants") Motion for Judgment on the Pleadings/Motion to Dismiss pro se Plaintiff Wallace C. Dennis's ("Plaintiff") Complaint. (ECF No. 20.) Plaintiff opposed (ECF No. 23), and Defendants did not reply. The Court has carefully reviewed the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons below, the Court grants Defendants' Motion.

**I.　BACKGROUND[1]**

Plaintiff brings a claim based on the alleged violation of his rights under the Americans with Disabilities Act ("ADA"). (*See generally* Compl., ECF No. 1.) Specifically, Plaintiff alleges that on February 4, 2016, Defendants violated his rights when his "car was in a car accident where

---

[1] The Court liberally construes Plaintiff's Complaint and accepts all well-pleaded facts as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (explaining that at this stage, courts are required to accept all well-pleaded allegations as true (citing *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002))).

[t]he Chief of Police damaged [his] property and the accident was not handled correctly." (*Id.* ¶ 4.) Plaintiff alleges that his car was totaled and "no summons was issued for the driver . . . with no license and [t]he Chief who made an illegal turn through a stop signal." (*Id.*) Plaintiff summarizes:

> My car was wrecked and [t]he Borough [of Eatontown] refused to help me. The Police Chief and the Patrolman didn't handle the accident correctly. The City hasn't tried to help me. The driver of my car had no valid license. The Patrolman didn't write the report correctly. No Summons was issued to anyone.

(*Id.*) As to his injuries, Plaintiff states that he has had congestive heart failure ("CHF") since December 2000, and the accident has not been good for his health. (*Id.* ¶ 5.) These are the extent of Plaintiff's factual allegations.

Plaintiff filed this action, and Defendants responded with the instant Motion for Judgment on the Pleadings/Motion to Dismiss. The motion is ripe for resolution.

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(c), a motion for judgment on the pleadings may be filed after the pleadings are closed. Fed. R. Civ. P. 12(c).[2] In analyzing a Rule 12(c) motion, a court applies the same legal standards as applicable to a motion filed pursuant to Rule 12(b)(6). *Turbe v. Gov't of V.I.*, 938 F.2d 427, 428 (3d Cir. 1991).

When deciding a motion to dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (quoting *Pinker*, 292 F.3d at 374 n.7). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks

---

[2] Hereinafter, all references to "Rule" or "Rules" refer to the Federal Rules of Civil Procedure.

omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Importantly, on a Rule 12(b)(6) motion to dismiss, "[t]he defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

### III.   DISCUSSION

As an initial matter, the Court recognizes that when a plaintiff is proceeding pro se, "the complaint is 'to be liberally construed,' and, 'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Walsh v. Household Fin. Corp. III*, No. 15-4112, 2016 WL 6826161, at *2 (D.N.J. Nov. 17, 2016) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). A pro se litigant, however, "is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010). Thus, "pro se litigants still must allege sufficient *facts* in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). Furthermore, although the Court holds complaints filed by pro se plaintiffs to a lesser standard, pleadings must still be "straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003); *see also Walsh*, 2016 WL 6826161, at *2.

Here, the Complaint is only a few sentences long and contains no factual detail as to what seems to be the crux of Plaintiff's Complaint: why Plaintiff believes his rights under the ADA were violated. Title I of the ADA relates to disability discrimination by employers. 42 U.S.C. § 12101 *et seq*. There is nothing in Plaintiff's Complaint that references employment. (*See generally* Compl.) Title II of the ADA requires Plaintiff to show that he is: "(1) a qualified individual with a disability; (2) excluded from participation in or denied the benefits of some service, program, or activity by reason of his disability; and (3) the entity which provides the

3

service, program, or activity is a public entity." *Hibbert v. Bellmawr Park Mut. Hous. Corp.*, 937 F. Supp. 2d 565, 572 (D.N.J. 2013). Plaintiff does not allege any facts that support these elements. (*See generally* Compl.) Plaintiff does not specify any "service, program, or activity" that he was denied, and he does not allege that any denial was "by reason of his disability." (*Id.*) Plaintiff does not allege how his CHF related to any improper police report, and he does not allege that Defendants even knew of his CHF. (*Id.*) Title III of the ADA prohibits discrimination based on a disability "in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place or public accommodation." 42 U.S.C. § 12182(a). Again, Plaintiff fails to show that his disability was the root or cause of any alleged discrimination. (*See generally* Compl.)

In sum, Plaintiff alleges nothing that would allow the Court to find a connection between his CHF and the accident at issue in this case. The Court will permit Plaintiff the opportunity to file an amended complaint to correct the deficiencies identified above within thirty days.[3]

## IV. CONCLUSION

For the foregoing reasons, the Court grants Defendants' Motion. The Court will enter an Order consistent with this Memorandum Opinion.

*Georgette Castner*
GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE

---

[3] The District Court for the District of New Jersey publishes a Procedural Guide for Pro Se Litigants that is available online at: http://www.njd.uscourts.gov/sites/njd/files/ProSeGuide.pdf. The form complaint contained therein may assist Plaintiff in filing an amended complaint.